UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| RODNEY EPPS, | ) | Civil Action No.: 9:07-cv-3113-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN RICHARD BAZZLE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's [Docket Entry #12] motion for summary judgment. This matter comes before the court with the Report and Recommendation [Docket Entry #17] of Magistrate Judge George C. Kosko filed on March 18, 2008.[1]

The Magistrate Judge recommended that summary judgment be granted in favor of the Respondent and that Petitioner's petition be dismissed. Petitioner filed objections [Docket Entry #19] to the Magistrate Judge's Report and Recommendation on March 31, 2008.

## Background

Petitioner was indicted and subsequently pled guilty to kidnapping, attempted armed robbery, and two counts of possession of a firearm during the commission of a violent crime. Petitioner was sentenced to thirty (30) years for kidnapping, twenty (20) years for attempted armed robbery, and two terms of five (5) years on the firearms convictions, with the sentences to run concurrently.

---

[1] This matter was referred to Magistrate Judge Kosko pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02.

Petitioner filed the current habeas corpus petition on March 7, 2007. In Grounds One and Two of his petitioner, Petitioner alleges that the trial court lacked subject matter jurisdiction because there was no valid waiver of presentment of the indictment to the grand jury. In Ground Three, Petitioner alleges that his trial counsel was ineffective for: 1) failing to file an appeal; and 2) failing to investigate his case.

In recommending that Respondent's motion for summary judgment be granted, the Magistrate Judge found that: 1) as to Grounds One and Two, presentment of the indictment was not necessary to confer subject matter jurisdiction on the circuit court and no due process violation occurred because Petitioner signed the sentencing sheet indicating that he waived presentment, *See State v. Gentry*, 610 S.E.2d 494, 498 n.6 (S.C. 2005), *State v. Smalls*, 613 S.E.2d 754, 756 (S.C. 2005); and 2) as to Ground Three, Petitioner was procedurally defaulted from asserting that his trial counsel was ineffective for not filing an appeal and Petitioner failed to meet his burden of showing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 698 (1984).

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a

party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## **Discussion**

Grounds One and Two

In his objections regarding the indictment issue, Petitioner argues that the lack of a valid grand jury indictment deprived the trial court of subject matter jurisdiction to convict and violated his due process and equal protection rights.

Petitioner's argument fails in light of the United States Supreme Court's holding in *United States v. Cotton*, 535 U.S. 625 (2002), and the South Carolina Supreme Court's holdings in *State v. Gentry*, 610 S.E.2d 494, and *State v. Smalls*, 613 S.E.2d 754. In *State v. Gentry*, the South Carolina Supreme Court followed the lead of the United States Supreme Court in *United States v. Cotton*, 535 U.S. 625, and abandoned the view that, in criminal matters, the circuit court acquires subject matter jurisdiction to hear a particular case by way of a valid indictment. *Gentry*, 610 S.E.2d at 498-99. In *Gentry*, the court noted, however, that an indictment was a notice document. *Id.* at 500.

Expanding upon the holding in *Gentry*, the court stated in *State v. Smalls* that "[a]lthough an indictment does not confer subject matter jurisdiction, due process requires that a criminal defendant be properly served with a valid indictment." *Smalls*, 613 S.E.2d at 756. However, the court specifically held that "signing a sentencing sheet for a charge to which a defendant has pled guilty constitutes a written waiver of presentment." *Id*. The court concluded that because the defendant signed a sentencing sheet indicating that he waived

3

presentment of the indictment to the grand jury, he had sufficient notice of the criminal charges against him. *Id*.

In this case, Petitioner states that he does not dispute the fact that he signed the sentencing sheet acknowledging his desire to waive presentment. Petitioner raised this same issue before the state PCR court. The PCR court found that Petitioner had signed the sentencing sheet indicating waiver of presentment as to all charges except one firearms charge. Therefore, the PCR court vacated Petitioner's guilty plea and sentence as to that firearms charge and denied relief as to the remaining charges. As the Magistrate Judge noted in his Report and Recommendation, the Petitioner has already obtained the only relief available to him.

Because Petitioner signed a sentencing sheet waiving presentment with regard to his three remaining charges, this court finds that Petitioner received sufficient notice of the charges against him. Accordingly, this court can find no due process violation under the circumstances of this case. Additionally, Petitioner's claim that the trial court lacked subject matter jurisdiction fails because circuit courts have subject matter jurisdiction to try criminal cases regardless of whether there is a valid indictment in any particular case. *See Smalls*, 613 S.E.2d at 756.

In conclusion, this court finds that the state PCR court's decision on this issue was not an unreasonable application of, and was not contrary to, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *see also Cotton*, 535 U.S. 625.

Ground Three

Petitioner argues in his objections that his ineffective assistance of counsel claims are based on his trial counsel's: 1) failure to file an appeal; and 2) failure to object to the trial court's lack of subject matter jurisdiction based on the absence of a grand jury indictment.

As to Petitioner's claim that his trial counsel was ineffective for failing to file an appeal, Petitioner does not address the Magistrate Judge's finding that Petitioner is procedurally defaulted from asserting this claim. The court is not required to conduct a *de novo* review of those portions of the Report and Recommendation to which no objections are filed. 28 U.S.C. § 636(b)(1)(C). Nevertheless, a review of the record indicates that Petitioner is procedurally defaulted from arguing that his trial counsel was ineffective for failing to file an appeal.

With regard to Petitioner's claim that his trial counsel was ineffective for failing to raise the subject matter jurisdiction issue, this court notes that Petitioner did not raise counsel's alleged failure to raise the issue in his initial petition for writ of habeas corpus. At any rate however, Petitioner has failed to establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668. In particular, Petitioner has failed to establish that he suffered any prejudice or that his trial counsel's representation fell below an objective standard of reasonableness.

## **Conclusion**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Petitioner's objections and finds that they are without merit.

Accordingly, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #17] of the Magistrate Judge. Respondent's [Docket Entry #12] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina                                                s/ R. Bryan Harwell
June 23, 2008                                                                  R. Bryan Harwell
                                                                                        United States District Judge